

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHRISTOPHER GAMEZ, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-198-A |
| | § | (NO. 4:13-CR-035-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision is the motion filed by movant, Christopher Gamez, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. After having considered such motion, the government's response thereto, pertinent parts of the record in Criminal Case No. 4:13-CR-035-A, and relevant legal authorities, the court has concluded that such motion should be denied.

I.

Background

On May 10, 2013, movant pleaded guilty to the offense of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846 (2 U.S.C. §§ 841(a)(1) & (b)(1)(B)). He was sentenced on August 28, 2013, to a term of

imprisonment of 360 months, to be followed by a term of supervised release of four years.

Movant appealed his sentence to the United States Court of Appeals for the Fifth Circuit, which dismissed his appeal as frivolous by opinion and judgment issued December 16, 2014. <u>United States v. Gamez</u>, 487 F. App'x 845 (5th Cir. 2014). He filed his § 2255 motion on March 16, 2015. The government responded on April 6, 2015, to which movant replied on April 28, 2015.

II.

<u>The Grounds of Movant's § 2255 Motion</u>

Movant alleged two grounds for relief in his motion which, as stated in the motion, along with the supporting facts stated in the motion, were as follows:

> A. Ground one: Ineffective Assistance of Counsel 6th Amendment
>
> Supporting FACTS: Counsel gave petitioner incorrect legal advice related to his sentencing exposure during plea negotiations. Petitioner relied on that erroneous legal advice in deciding to plead guilty. (See Memorandum of Law attached hereto)
>
> B. Ground two: Ineffective Assistance of Counsel 6th Amendment
>
> Supporting FACTS: Counsel failed to file any objections to sentencing enhancements that did not apply, as instructed by petitioner. (See Memorandum of Law)

2

Doc. 1 at 4.¹

In his supporting memorandum, movant elaborated on his Ground One by assertions that:

> Mr[.] Gamez was denied his Sixth Amendment right to effective assistance of counsel as a result of counsel's failure to investigate assess the facts, circumstances, and laws involved in petitioner's case and then offer his informed opinion related to entering a plea of guilty, along with the correct assessment of his sentencing exposure.

Doc. 1, Mem. at 2. In the argument in his memorandum in support of the first ground, movant alleges that his attorney told him at the outset that "he could secure a plea of about 10 years," id. at 5, and that "his worst case scenario would be (15) fifteen years but that he was shooting for (10) ten years," id. at 6. Also, movant complains that his attorney did not go over the guidelines with him and did not explain possible enhancements before movant entered his plea of guilty. Id. at 6.

In his supporting memorandum, movant elaborated on his Ground Two by claiming that his attorney failed to provide effective assistance of counsel because of his failure to object to aggravating role, dangerous weapon, and importation enhancements in movant's offense level that were assigned to

---

¹The "Doc. ___" references are to the docket numbers assigned by the clerk to the referenced items in this Case No. 4:15-CV-198-A. The "Case No. 4:13-CR-035-A, Doc. ___" references are to the docket numbers assigned by the clerk to the referenced items in Case No. 4:13-CR-035-A.

3

movant in his presentence report, and were taken into account by the court at sentencing. Id. at 13-15.

III.

Analysis

A. Pertinent Legal Principles

1. Principles Applicable to a 2255 Motion

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge her conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for her procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of

4

habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974).

    2.   Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide

5

range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689.

B.  <u>The Grounds of the Motion Are Without Merit</u>

   1.   <u>Ground One</u>

The only definitive facts stated by movant in his motion, memorandum, or reply related to the general complaints he expresses in his Ground One are that sometime before he entered his plea of guilty his attorney indicated to him that his cooperation with the government was such that he would receive a sentence no worse than fifteen years. He implies that such a representation by his attorney is what caused him to plead guilty. Put another way, movant seems to be contending that his plea of guilty was not made with knowledge of the potential consequences of the plea. The record does not bear out movant's Ground One contention.

At his rearraignment hearing, movant swore under oath that (1) he understood that his plea of guilty must not be induced or prompted by any promises of any kind, and that he should plead guilty only because he is guilty and for no other reason, Case No. 4:13-CR-035-A, Doc. 225 at 13-14; (2) he understood that by pleading guilty he was subjecting himself to a term of imprisonment that would have to be at least five years and could be as much as forty years, <u>id.</u> at 23; (3) no one had made any

promise or assurance to him of any kind in an effort to induce him to enter a plea of guilty; and (4) he understood that if he pleaded guilty and that if the plea were to be accepted by the court, he would be adjudged guilty of the offense charged by the superseding indictment and his punishment would be assessed somewhere within the range of punishment provided by statute and his sentence would be within the range provided by statute, id. at 34-35. He also testified that if he were to plead guilty and then ended up receiving a sentence that was more severe than he hoped it would be, he would still be bound by his plea of guilty and would not have a right to withdraw it. Id. at 35. Based on the sworn answers given by movant at the rearraignment hearing, the court found that movant's plea of guilty was a knowing and voluntary plea and that it did not result from force, threats, or promises. Id. at 36-37.

At the commencement of the rearraignment hearing, movant said that he understood that he was under oath and that if he answered any of the court's questions falsely, his answers could later be used against him in a prosecution for perjury or making a false statement. Id. at 9. All of the statements made by movant, and all movant's answers to the court's questions, at the rearraignment hearing were made and given while movant was under oath. "[A] defendant ordinarily will not be heard to refute [his]

7

testimony given at a plea hearing while under oath." <u>United States v. Cervantes</u>, 132 F.3d 1106, 1110 (5th Cir. 1998). "Solemn declarations in open court carry a strong presumption of verity, forming a formidable barrier in any subsequent collateral proceedings." <u>Id.</u> (omitting internal quotation marks)(citing, and quoting from, <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977)).

Here, movant has produced no independent evidence to challenge this court's finding that his plea of guilty was a knowing and voluntary plea and that it did not result from promises. The record makes clear that movant pleaded guilty because he knew that the government's case against him was overwhelming; and, he knew or should have known that he was unlikely to obtain any significant benefit from any cooperation with the government inasmuch as he had extensively lied to the law enforcement during some of his interviews. Case No. 4:13-CR-035-A, Doc. 226 at 8. Movant did not express any concern or surprise when or after he heard the court state on the record at his sentencing hearing that his guideline imprisonment range would be 360 months to life imprisonment were it not for the statutory maximum of forty years for the offense contained in the superseding indictment to which he pleaded guilty. <u>Id.</u> at 4. Instead, when he was invited to make any statement or

presentation he would like to make on the subject of mitigation, that is, the things he thought the court should take into account in determining what sentence to impose, he responded that he apologized to the United States of America for the crime that he had committed, that he was deeply and sincerely sorry for what he had done, and that he accepted full responsibility for the actions he had committed. Id. at 10.

Movant has failed to present the court with anything that would cause the court to conclude that any aspect of movant's Ground One has the slightest merit. For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitness to the promise." United States v. Cervantes, 132 F.3d at 1110. To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." Id. "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." Id. See also,

9

United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985). Movant has failed to provide any independent evidence in support of any of his contentions that are at variance with the statements he made, or the answers he gave, while under oath at the rearraignment hearing.

To whatever extent movant might be suggesting that his attorney made any representation or promise to him as to the level of imprisonment that might be imposed on him, the testimony given by movant at his rearraignment hearing is direct proof that no such thing occurred.

2. Ground Two

Movant's Ground Two complains of the court's application of the Sentencing Guidelines. Complaints of that kind are not cognizable under 28 U.S.C. § 2255 review. See United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999)(stating that "[s]ection 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." (citation omitted)).

Moreover, a review of the presentence report confirms this court's opinion that the offense level increases of which movant

10

complains were properly applied, with the consequence that any objection made by his counsel to those increases would have been unfounded and frivolous.

For the reasons stated, movant's Ground Two lacks merit.

IV.

Order

For the reasons stated above,

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, be, and is hereby, denied.

* * * * *

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED May 8, 2015.

_____
JOHN McBRYDE
United States District Judge